UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
RICHARD McFEE,                      )
                                    )
          Plaintiff,                )
                                    )   CIVIL ACTION NO.
     v.                             )   18-11158-PBS
DIRECTOR YEH, et al.,               )
                                    )
          Defendants.               )
_____ )

MEMORANDUM AND ORDER

Kelley, M.J.

On May 25, 2018, Richard McFee ("McFee"), who is confined at FMC Devens and proceeding pro se, filed a document captioned as follows: "Injunction Motion Requesting For Appointment of Legal Counsel and Order of Protection Against Federal Medical Facility Fort Devens Correctional and Medical Administration to Treat My Serious Medical Issues as Outlined [Below]" (Docket No. 1). On June 4, 2018, this matter was referred to the undersigned for "Full pretrial / Case Management and RR on Dispositive Motions." (Docket No 3).

McFee complains that the medical providers at FMC Devens have refused "to see [plaintiff] and examone (sic) the damages [he sustained from an assault while in custody at FMC Rochester]." (Docket No. 1, p. 2). McFee states that against the medical advice of his doctor, he was transferred to FMC Devens on December 7, 2017. Id. pp. 2-3. He further states that

on April 27, 2018, he was taken to a local hospital for treatment of an unrelated blood disorder. Id. p. 2. In conclusion, McFee states that he is weak and requests appointment of counsel. Id. p. 3.

## DISCUSSION

The Federal Rules of Civil Procedure make clear that only a properly-filed complaint can commence a civil action. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 3 advisory committee's note, 1937 adoption ("This rule provides that the first step in an action is the filing of the complaint."). This is true, even where a plaintiff seeks injunctive relief. See, e.g. Adair v. England, 193 F. Supp. 2d 196, 200 (D. D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.").

Here, McFee has not filed a complaint. The only document he filed is a three-page letter. Additionally, McFee has not paid the filing fee for this action and has not sought to proceed in forma pauperis.

If McFee wishes to pursue this action, he shall, within thirty-five (35) days of the date of this Order, (1) file a complaint and (2) either pay the $400 filing fee or file an

Application to Proceed in District Court without Prepaying Fees or Costs.  If McFee files a motion to proceed in forma pauperis, it must be accompanied by a copy of his prison trust account statement.[1]

Finally, to the extent McFee seeks appointment of counsel, his request is denied without prejudice.  Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to free counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  Here, McFee has not shown that he is indigent and has not filed a complaint.

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the granting of in forma pauperis status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see id. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

# ORDER

Based on the foregoing, it is hereby Ordered that:

1. If Richard McFee wishes to pursue this action, he shall, within thirty-five (35) days of the date of this Memorandum and Order, (1) file a complaint and (2) either pay the $400 filing fee or file a new, fully completed Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a copy of his prison account statement.

2. Until a complaint is filed, the court lacks jurisdiction to entertain McFee's motion, which is denied without prejudice.

3. The clerk shall send to McFee the forms for filing a complaint and an Application to Proceed in District Court without Prepaying Fees or Costs.

4. If McFee fails to file a complaint and submit an application or pay the filing fee, this action will be subject to dismissal without prejudice.

SO ORDERED.

/s/ Page Kelley
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

DATE: June 7, 2018