UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                      )
RICHARD McFEE,                        )
                                      )
          Plaintiff,                  )
                                      )   CIVIL ACTION NO.
          v.                          )   18-11158-PBS
                                      )
DIRECTOR YEH, et al.,                 )
                                      )
          Defendants.                 )
_____)

ORDER ON PENDING MOTONS

Kelley, M.J.

     For the reasons set forth below, the (1) plaintiff's
motions (Docket Nos. 52, 63) for counsel are denied without
prejudice; (2) plaintiff's motions for leave to file an amended
complaint (Docket Nos. 51, 62) are allowed to the extent that
plaintiff must identify one operative complaint (either of the
proposed amended complaints or a new amended complaint); (3) the
defendants' motion (Docket No. 68) for extension of time to
answer the original complaint is allowed and defendants shall
respond after plaintiff identifies the operative amended
complaint; and (4) plaintiff's motion (Docket No. 64) to compel
process is granted in part and denied in part.

RELEVANT BACKGROUND

     The above-captioned action was opened on May 25, 2018, upon
receipt of a pleading filed by Richard McFee, a prisoner at FMC

Devens, seeking appointment of counsel and injunctive relief stating that various correctional staff and medical providers failed to treat plaintiff's serious medical issues. (Docket No. 1). McFee alleges that on September 26, 2017, while in federal custody in Minnesota, he was the victim of a serious assault. McFee alleges that he was denied medical treatment in Minnesota and, when transferred to FMC Devens a little more than two months later, continued to be denied adequate medical treatment to address the injuries that he suffered during the assault. McFee also complains of inadequate medical care concerning his chronic medical conditions, including Crohn's disease. By Order dated June 7, 2018, the Court directed McFee to file a complaint. (Docket No. 4).

On June 21, 2018, McFee filed his complaint. (Docket No. 6). After the complaint was filed, summonses issued for service of the complaint on defendants Tidwell, Yeh, Vondyes,[1] Wagner, Woods, and Lund (Docket Nos. 11, 20). After several insufficient attempts to serve the complaint on the defendants, the Clerk again delivered to the United States Marshals Service

---

[1] The correct name for the defendant identified in the original complaint as "Vondyes" is Felicitas Fandreyer. (Docket Nos. 48, 59, 68).

the documents for service. <u>See</u> Oct. 18, 2018 Electronic Order
(Docket No. 41).

Now pending before the Court are defendants' motion[2] (Docket
No. 68) for extension of time to answer; plaintiff's motions
Docket Nos. 51, 62) for leave to file amended complaints;
plaintiff's motions (Docket Nos. 52, 63) for appointment of
counsel; plaintiff's motion (Docket No. 64) to compel process;
plaintiff's motion (Docket No. 68) to extend time to serve; and
plaintiff's motions (Docket Nos. 42, 68) for Preliminary
Injunction and/or Temporary Restraining Order.

DISCUSSION

A.   <u>Plaintiff's Motions to Appoint Counsel</u>

Although the Court "may request an attorney to represent
any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), a
civil plaintiff lacks a constitutional right to free counsel,
<u>see</u> <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  The
Court does not have the funds to pay attorneys to represent
plaintiffs in civil cases, and it is difficult to find attorneys
who will accept appointment as pro bono counsel.  To qualify for
this scarce resource, a party must be indigent and exceptional

---

[2] The motion is filed on behalf of defendants Yeh, Fandreyer, Lund and Tidwell
(in their individual capacities), but not defendant Abbigail R. Woods, who
waived service of the summons on November 18, 2018. (Docket No. 58).

circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  See DesRosiers, 949 F.2d at 23.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.  At this early stage of the proceedings, the Court cannot determine whether exceptional circumstances exist that would justify appointment of counsel.

B.   Plaintiff's Motions for Leave to file an Amended Complaint

After filing the original complaint, plaintiff subsequently filed two motions for leave to amend.  The first motion for leave to amend was filed on November 5, 2018.  (Docket No. 51).  The second motion for leave to amend was filed on December 11, 2018. (Docket No. 62).  Both proposed amended complaints seek to drop defendant Woods as a defendant, and the second proposed amended complaint seeks to add two new defendants (J. Berkowitz and T. O'Connor).  (Docket Nos. 51-1, 62-1).  Although both proposed amended complaints include similar allegations, it appears that the second proposed amended adds additional factual allegations without repeating factual allegations from either

the original or proposed first amended complaint.  <u>See</u> Docket

Nos. 51-1, 62-1).

An amended complaint normally supersedes the original

pleading.  <u>See</u> <u>ConnectU LLC v. Zuckerberg</u>, 522 F.3d 82, 91 (1st

Cir. 2008).  Here, however, plaintiff's second amended complaint

does not repeat allegations either from the original complaint

and/or the proposed first amended complaint.

Although plaintiff may amend his pleadings once as a matter

of course, it is unclear which of the proposed amended

complaints plaintiff intends to be the operative complaint in

this action.  Therefore, plaintiff will be granted additional

time either to (1) inform the court which proposed complaint

should be the operative complaint or (2) file a new amended

complaint.  If plaintiff choses to file a new amended complaint,

he should repeat in such amended complaint any allegations from

the earlier pleadings that he wishes to be included in the

amended complaint.  Plaintiff is reminded that in addition to

the pleading requirements of Fed. R. Civ. P. 8(a), an amended

complaint should comply with other provisions of the Federal

Rules of Civil Procedure.  Under Fed. R. Civ. P. 10(a), "[t]he

title of the complaint must name all the parties," and the

claims in a complaint must be set forth "in numbered paragraphs,

each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

C.  <u>Defendants' Motion for Extension of Time</u>

In requesting an extension of time to respond to plaintiff's original complaint, defendants correctly note that plaintiff has submitted two proposed amended complaints, one of which adds two new defendants. (Docket No. 68).

In light of this Court's ruling on plaintiff's motions for leave to amend, defendants will be granted additional time to respond to the operative complaint as identified by plaintiff.

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's motions (Docket Nos. 52, 63) for counsel are denied without prejudice.  All communications by plaintiff with the Court must be served on the defendants, or defendants' counsel if counsel has been designated for that defendant, by mailing a copy of the document to defendants or defendants' counsel.

2. Plaintiff's motions (Docket Nos. 51, 62) for leave to file an amended complaint are allowed to the extent that <u>plaintiff must identify one operative complaint (one of the proposed amended complaints or a new amended complaint)</u>. **Unless plaintiff files a new amended complaint by January 25, 2019**, the second proposed amended complaint (Docket No. 62-1) will be the operative complaint.  The Clerk shall send to plaintiff a copy of this Order accompanied by copies of the original complaint and two proposed complaints (Docket Nos. 6, 51-1, 62-1).

3. Defendants' motion (Docket No. 68) is allowed.  Defendants shall have sixty days from the date plaintiff identifies the operative amended complaint or, if no response is received from plaintiff, March 26, 2019, to respond to

plaintiff's proposed second amended complaint (Docket No. 62-1).

4. Plaintiff's motion (Docket No. 64) to compel process is denied except (1) the Clerk will be directed to correct the docket to reflect that defendant Vondyes should be identified as Felicitas Fandreyer; and (2) the Clerk shall arrange for service by USMS of a summons, plaintiff's original complaint, and this order on the Attorney General for the United States and Felicitas Fandreyer.

SO ORDERED.

/s/ M. Page Kelley
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

DATE: December 21, 2018