```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

RICHARD McFEE,
    Plaintiff,

    v.

                                    CIVIL ACTION NO. 18-11158-PBS

DIRECTOR YEH, et al.,
    Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION (##42,53)

Kelley, M.J.

    This matter was referred to the undersigned for pretrial case management and Reports and Recommendations on dispositive motions. For the reasons set forth below, the court recommends that plaintiff's motions for preliminary injunction (##42, 53) be denied as moot.

## RELEVANT BACKGROUND

    This action was initiated on May 25, 2018, by Richard McFee while he was in custody at FMC Devens. McFee alleges that on September 26, 2017, while in federal custody in Minnesota, he was the victim of a serious assault, that he was denied medical treatment in Minnesota and, when transferred to FMC Devens a little more than two months later, continued to be denied adequate medical treatment. Among other things, plaintiff asks this court to order defendants to follow the plan that was prescribed by his surgeon, which is alleged to include a referral to a gastroenterologist.

Also, plaintiff requests defendants be enjoined from harassment of, and retaliation against, plaintiff.

By order dated December 21, 2018, plaintiff's motion to amend was granted, and plaintiff was ordered to identify one operative complaint or file a new amended complaint by January 25, 2019. On December 26, 2018, defendants were ordered to respond to plaintiff's motions for preliminary injunction by January 18, 2018. On January 7, 2019, the court granted the government's motion to stay the case due to a lapse of appropriations.[1]

Court records indicate that copies of the orders dated December 21 and December 26, 2018, were returned to the court as undeliverable to plaintiff. Apparently, on December 27, 2018, plaintiff was transferred from FMC Devens to FMC Lexington, Kentucky. See www.bop.gov/inmatelocator (viewed Jan. 4, 2019). On January 18, 2019, McFee filed a notice indicating that he now in custody at FMC Lexington.[2]

## DISCUSSION

Claims for injunctive and declaratory relief become moot when a prisoner is transferred to another prison and is no longer

---

[1] On January 30, 2019, the government filed a notice that the government seeks to resume litigation now that funding has been restored to the U.S. Department of Justice.

[2] The Clerk will be directed to send plaintiff copies of the December 2018 Orders with a copy of this Report and Recommendation.

subjected to the conditions about which he complained. See Shaheed-Muhammad v. Dipaolo, 138 F. Supp. 2d 99, 106 (D. Mass 2001); Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996).

Due to the intervening circumstances, plaintiff's argument suggesting that irreparable harm may occur if an injunction does not issue has been rendered moot. Given plaintiff's recent transfer to FMC Lexington, as well as the uncertainty as to the operative complaint for this action, I RECOMMEND that plaintiff's motions for preliminary injunction (##42, 53) be DENIED as moot.

## REVIEW BY DISTRICT COURT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792

F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

/s/ M. Page Kelley
M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE

January 31, 2019