UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD McFEE, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 18-11158-PBS |
| ) | |
| DIRECTOR BERHAN S. YEH, DR. L. LUND, ) | |
| FELICITAS FANDREYER, and STEPHEN ) | |
| SPAULDING, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## THIRD AMENDED COMPLAINT

Plaintiff Richard McFee alleges the following for his Third Amended Complaint against
Director Berhan S. Yeh, Dr. L. Lund, Felicitas Fandreyer, and Warden Stephen Spaulding
(collectively, "Defendants"):

## INTRODUCTION

1.      Mr. McFee brings this action pursuant to *Bivens v. Six Unknown Named Agents*,
403 U.S. 388 (1971) (*Bivens*), for damages arising out of Defendants' violations of Mr. McFee's
rights under the First and Eighth Amendments of the Constitution while he was incarcerated at
Federal Medical Center, Devens ("FMC Devens"), a federal correctional facility located in Ayer,
Massachusetts and by his retaliatory transfer from FMC Devens to Federal Medical Center,
Lexington ("FMC Lexington"), a federal correctional facility located in Lexington, Kentucky.

2.      While incarcerated at a previous federal correctional facility, Mr. McFee was the
victim of a sexual assault that left him with serious injuries, which caused persistent bleeding from
wounds in his rectum and anus.

3.      Mr. McFee was subsequently transferred to FMC Devens where, despite Mr.
McFee's obvious pain and suffering, Defendants ignored Mr. McFee's condition, allowing it to

worsen to the point that Mr. McFee had to be rushed to the hospital on multiple occasions to prevent life threatening infections from developing.

4.      Mr. McFee suffers from significant medical issues, including Crohn's Disease, which have required multiple surgeries.  As a result, Mr. McFee is categorized as a Medical Care Level 4 inmate—the highest care level designation in the Bureau of Prisons ("BOP")—and must be housed at a Medical Care Level 4 facility that is equipped to care for his serious needs.

5.      Notwithstanding the requirement that Mr. McFee be housed in a facility capable of treating his serious medical issues, in retaliation for filing this action, Mr. McFee was transferred to FMC Lexington.

6.      FMC Lexington was not equipped with the necessary medical equipment to treat Mr. McFee's serious medical conditions, which resulted in Mr. McFee spending prolonged periods of time in the hospital to get the medical care he requires.

7.      Mr. McFee seeks compensatory and punitive damages for the severe physical and mental pain and suffering he suffered at the hands of Defendants.

## JURISDICTION

8.      This action is brought under *Bivens*, pursuant to the First and Eighth Amendments of the United States Constitution.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

## PARTIES

9.      Plaintiff Richard McFee is in the custody of the BOP and is currently incarcerated at FMC Lexington, in Lexington, Kentucky.

10.     Director Berhan S. Yeh is, on information and belief, a resident of Massachusetts. Director Yeh is the Medical Director of FMC Devens in Ayer, Massachusetts.

11.     Dr. L. Lund is, on information and belief, a resident of Massachusetts.  Dr. Lund provided medical treatment to McFee at FMC Devens.

12.     Felicitas Fandreyer is, on information and belief, a resident of Massachusetts.  Ms. Fandreyer is a Facility Nurse Practitioner at FMC Devens.

13.     Stephen Spaulding is, on information and belief, a resident of Massachusetts.  Mr. Spaulding is the Warden of FMC Devens.

## FACTS

**A.     Mr. McFee Suffers Sexual Assault From Staff Members at FMC Rochester, Resulting in Severe Pain and Persistent Bleeding From His Rectum.**

14.     On September 26, 2017, while incarcerated at Federal Medical Center, Rochester ("FMC Rochester") in Rochester, Minnesota, Mr. McFee was sexually assaulted by two FMC Rochester investigation agents after Mr. McFee refused to cooperate with their investigation into an altercation that had occurred the day before.

15.     Suffering tremendous pain and persistent bleeding from his rectum as a result of the attack, Mr. McFee requested medical attention from the medical staff at FMC Rochester.

16.     From the date of the attack until December, 2017, Mr. McFee continued to suffer pain and bleeding from his rectum, which was not adequately treated by the medical staff at FMC Rochester.

**B.     Mr. McFee is Transferred to FMC Devens Where Medical Staff Are Deliberately Indifferent To His Serious Medical Needs.**

17.     On December 6, 2017, Mr. McFee was transferred from FMC Rochester to FMC Devens.

18.     Upon arriving at FMC Devens, Mr. McFee informed the FMC Devens medical staff that he had been raped by prison officials at FMC Rochester.

19.     Mr. McFee was placed in a locked mental health unit to allow him to be seen by a doctor concerning the rape allegation.

20.     The next day, Mr. McFee was released from the locked mental health unit and was placed in the medical hospital at FMC Devens.

21.     Two days after arriving at FMC Devens, Mr. McFee was seen by two doctors, who examined his rectum and documented that he had spot bleeding from his rectum area with tenderness and pain to the touch.

22.     On January 13, 2018, Mr. McFee complained to FMC Devens' medical staff of pain and persistent bleeding from his rectum.  Mr. McFee was examined by a physician's assistant, Ms. Kilduff, who documented that Mr. McFee had positive bleeding from his rectum and that the area between his buttocks was raw and tender to the touch.

23.     Ms. Kilduff reported the results of her examination to Director Yeh, who failed to conduct any follow up examinations or prescribe any treatment.

24.     On January 31, 2018, Mr. McFee was taken to the University of Massachusetts Memorial Medical Center ("UMass Memorial") to be examined by a colorectal surgeon, Dr. Jennifer S. Davids.

25.     Mr. McFee suffers from Crohn's Disease and as the result of prior surgeries, wears an ostomy bag.

26.     Dr. Davids was under the misimpression that Mr. McFee's appointment was to have his ostomy bag removed.

27.     After Mr. McFee informed Dr. Davids that he had been sexually assaulted at FMC Rochester, Dr. Davids immediately requested that Director Yeh allow Mr. McFee to be seen by a gastroenterologist at UMass Memorial to allow D. Davids to coordinate Mr. McFee's care.

28.     Director Yeh refused to follow Dr. Davids' plan of care and refused to allow Mr. McFee to be treated by a gastroenterologist for his severe pain and persistent rectal bleeding.

**C.      FMC Devens Medical Staff Continue To Be Deliberately Indifferent To Mr. McFee's Serious Medical Needs As His Condition Worsens.**

29.     Despite his obvious and severe medical condition, Director Yeh and the FMC Devens medical staff ignored Mr. McFee and allowed his condition to worsen.

30.     As a result of his worsening condition, Mr. McFee was confined to his bed for approximately 85% of each day he was incarcerated at FMC Devens.

31.     Mr. McFee's persistent bleeding from his rectum caused embarrassment, as Mr. McFee was forced to conceal the blood stains on his pants and bed sheets, to avoid being harassed by other inmates and prison staff.

32.     On April 6, 2018, Mr. McFee's condition deteriorated to the point that he fainted and was rushed to the emergency room at Nashoba Valley Medical Center ("Nashoba").

33.     The staff at Nashoba recommended that Mr. McFee be prescribed liquid magnesium because Mr. McFee had received good effects from the liquid form of magnesium.

34.     Mr. McFee was accepted back to FMC Devens with instructions from Nashoba, which Dr. Yeh refused to consider and/or follow.

35.     On April 28, 2018, Mr. McFee was placed in a segregation unit and Dr. Lund and Nurse Fandreyer took over Mr. McFee's care.

36.     Mr. McFee informed Dr. Lund and Nurse Fandreyer on many occasions that he was suffering from chest pains, persistent bleeding from his rectum, and high temperatures, but Dr. Lund and Nurse Fandreyer failed to provide him with appropriate care.

37.     Dr. Lund and Nurse Fandreyer refused to follow the critical care plan that was developed by physicians at FMC Rochester or the plan recommended by UMass Memorial and Nashoba.

38.     On several instances in May of 2018, while he was in segregation, Mr. McFee signed up for medical sick call.

39.     Mr. McFee complained of chest pain, persistent bleeding from his rectum, and low magnesium levels, which Nurse Fandreyer ignored.

40.     On May 16, 2018, Mr. McFee and another nurse, Nurse Galant, informed Dr. Lund and Nurse Fandreyer that Mr. McFee's magnesium medications were about to expire and that his medications needed to be renewed.

41.     Dr. Lund and Nurse Fandreyer ignored Mr. McFee's request to renew his medications, and on June 8, 2018, Mr. McFee's magnesium levels became critically low.

42.     Notwithstanding being informed of Mr. McFee's critically low magnesium levels, Dr. Lund and Nurse Fandreyer refused to reorder his magnesium medication, and left FMC Devens for the weekend without treating Mr. McFee's serious medical condition.

43.     Due to the lack of treatment, Mr. McFee was hospitalized on June 16, 2018 for low magnesium levels.

44.     Dr. Yeh, Dr. Lund, and Nurse Fandreyer continuously ignored requests from the doctors and surgeons at Nashoba and UMass Memorial to allow Mr. McFee to be seen by a gastroenterologist to address his persistently bleeding rectum and to start a care plan to prevent Mr. McFee's medical issues from worsening.

**D.    Mr. McFee Requires Multiple Hospitalizations Because His Serious Medical Needs Are Ignored by FMC Devens' Medical Staff, And FMC Devens' Staff Refuses to Accept Mr. McFee's Grievance Paperwork.**

45.    On June 17 and July 17, 2018, Mr. McFee was hospitalized for low magnesium levels, a bleeding rectum, and chest pains.

46.    After being discharged from the hospital on July 17, 2018, the discharge surgeon informed Dr. Yeh, Dr. Lund, and Nurse Fandreyer that Mr. McFee's rectum needed a dressing change once daily to avoid infection.

47.    Dr. Yeh, Dr. Lund, and Nurse Fandreyer refused to follow the discharge orders.

48.    On August 1, 2018, Mr. McFee was transported back to UMass Memorial to undergo the same surgery that was performed on July 17, 2018, because an infection developed in Mr. McFee's rectum after the medical staff at FMC Devens failed to follow the discharge orders given by UMass Memorial.

49.    Based on FMC Devens' medical staff's deliberate indifference to his medical condition, Mr. McFee requested that his unit correctional counselor, D. Tidwell, provide him with the forms needed to file a grievance against the medical staff.

50.    Mr. Tidwell denied Mr. McFee's request.

51.    Mr. McFee obtained the necessary forms from another inmate and completed the forms.

52.    When Mr. McFee attempted to give the forms to Mr. Tidwell, Mr. Tidwell refused to accept them and informed Mr. McFee that he would not process them.

53.    A few days later, Mr. McFee was removed from his medical unit and sent to general population because, on information and belief, Mr. Tidwell was unhappy that Mr. McFee was trying to file a grievance.

54.     Mr. McFee was returned to the medical unit one week later so that his abdominal wounds could be monitored.

55.     Five days after he was returned back to the medical unit, Mr. Tidwell again had Mr. McFee sent back to general population without permission from the medical staff.

56.     Mr. McFee next attempted to give his grievance forms to a different counselor, T. O'Connor, on May 23, 2018.

57.     Mr. O'Connor refused to process the grievance forms.

58.     Mr. McFee attempted to file grievances again on October 11, 2018.

59.     On October 15, 2018, Mr. McFee asked Mr. O'Connor about the status of his grievances.

60.     Mr. O'Connor responded that Mr. McFee already had enough evidence to support his claims against the medical staff at FMC Devens and that Mr. O'Connor would not respond to his grievances and that Mr. McFee should stop sending them.

**E.      Mr. McFee is Transferred to an Inadequate Facility in Retaliation for Filing this Lawsuit**

61.     On May 25, 2018, Mr. McFee commenced this action against various FMC Devens staff members.

62.     On December 27, 2018, Mr. McFee was unexpectedly transferred from FMC Devens to FMC Lexington.

63.     In the BOP system, inmates and facilities are classified according to Medical Care Levels.

64.     Inmate classifications are based on the medical history and health condition of the inmate, while facility classifications are based on the inmate care level that the facility is staffed and equipped to handle.

65.     Medical Care Level 1 inmates include inmates that are less than 70 years of age with limited medical needs that are easily managed by clinical evaluations every six months.

66.     Medical Care Level 2 inmates are stable outpatients requiring quarterly clinical evaluations.

67.     Medical Care Level 3 inmates are fragile patients requiring frequent clinical contact, daily to monthly, to avoid hospitalization for catastrophic events.  Care Level 3 inmates may require assistance with daily activities, but do not require daily nursing care.

68.     Medical Care Level 4 inmates require significantly enhanced medical and limited inpatient services only provided by a BOP Medical Referral Center.  Medical Care Level 4 inmates suffer from conditions including cancer, dialysis, quadriplegia, stroke, head injuries, and major surgical treatment.

69.     Mr. McFee is a Medical Care Level 4 inmate and has always been incarcerated at Care Level 4 facilities, including FMC Devens.

70.     FMC Lexington was not equipped to treat Mr. McFee's serious medical needs at the time he was transferred.

71.     Prior to transferring an inmate, the BOP policy requires the facility to conduct a meeting of the relevant staff members to decide whether a transfer is necessary or appropriate.

72.     If the decision is made to transfer the inmate, certain paperwork must be completed by the medical staff to authorize the transfer.

73.     Once the medical staff has authorized the transfer, they send a recommendation to the BOP Office of Medical Determinations and Transportation ("OMDT").

74.    The OMDT reviews the recommendation and searches for a facility that can adequately treat the inmate, taking into account, among other things, the Medical Care Level assigned to the inmate and the receiving facility's ability to care for the inmate.

75.    In retaliation for Mr. McFee filing this action, FMC Devens and the BOP transferred Mr. McFee to FMC Lexington—a facility that did not have the necessary medical equipment to treat him—without following the protocol set forth above.

76.    As a result, shortly after arrival at FMC Lexington, Mr. McFee was admitted to a local hospital where he spent a substantial period of time, because the medical staff and facilities at FMC Lexington could not adequately treat him.

**COUNT I**
**Violation of the Eighth Amendment (*Bivens*)**
**(Against Dr. Yeh, Dr. Lund, and Nurse Fandreyer)**

77.    Mr. McFee repeats the allegations contained in Paragraphs 1 through 76 as if fully stated herein.

78.    At all times material to this Complaint, Mr. McFee suffered from serious medical needs, including Chrone's Disease, persistent bleeding from his rectum, and low magnesium levels.

79.    Mr. McFee's serious medical needs were not adequately treated by the medical staff at FMC Devens.

80.    The medical staff at FMC Devens refused to treat Mr. McFee's serious medical needs and transferred him to FMC Lexington, a facility that was not equipped to care for him, because they were deliberately indifferent to his needs.

81.    Dr. Yeh, Dr. Lund, and Nurse Fandreyer knew of Mr. McFee's need for medical care yet failed to provide it and were personally involved in the decision to deny him treatment, in violation of the Eight Amendment's prohibition on cruel and unusual punishment.

82.     As a result of Defendants' deliberate indifference to Mr. McFee's serious medical needs, Mr. McFee suffered harm, including pain and suffering.

## COUNT II
## Violation of the First Amendment (*Bivens*)
## (Against Warden Spaulding and Dr. Yeh)

83.     Mr. McFee repeats the allegations contained in Paragraphs 1 through 76 as if fully stated herein.

84.     Mr. McFee was engaged in conduct protected by the First Amendment when he commenced this action.

85.     Mr. McFee suffered an adverse action as result of engaging in protected conduct when he was transferred in retaliation to a facility that did not have the necessary medical equipment to care for his serious medical needs.

86.     This lawsuit was a substantial or motivating factor in Warden Spaulding and Dr. Yeh's decision to transfer Mr. McFee to FMC Lexington.

87.     As a result of Warden Spaulding and Dr. Yeh's retaliation, Mr. McFee's First Amendment rights were violated and he has suffered harm.

## PRAYER FOR RELIEF

WHEREFORE, Mr. McFee prays that this Court:

1.     Enter judgment in favor of Mr. McFee on all of his claims;

2.     Award Mr. McFee his actual damages in an amount to be proven at trial;

3.     Award Mr. McFee punitive damages in an amount to be proven at trial; and

4.     Award Mr. McFee attorneys' fees and costs.

**MR. MCFEE REQUESTS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

**RICHARD McFEE,**

By his attorneys,


*/s/ Dallin R. Wilson*
Brandon L. Bigelow (BBO# 651143)
Dallin R. Wilson (BBO# 676662)
SEYFARTH SHAW LLP
Seaport East, Suite 300
Two Seaport Lane
Boston, MA 02210
(617) 946-4800
bbigelow@seyfarth.com
drwilson@seyfarth.com

Dated:  April 27, 2020


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 27, 2020.

*/s/ Dallin R. Wilson*
Dallin R. Wilson